KRS 342.730(1)(b), as it applies to this case, provides that compensation shall be 62 1/2% of the claimant's average weekly wage ($314), "subject to the limitations contained in KRS342.740 [$81], multiplied by the percentage of disability [20%] . ." The question is whether the $81 limit contained in KRS342.740 applies to 62 1/2% of $314 ($196.25) or to 20% of that figure ($39.25). The critical phrase, "subject to the limitations contained in KRS 342.740," is set out in commas after the words, "The compensation . . . shall be 55% of the average weekly earnings [plus 2.5% for each dependent up to three]," and before the words, "multiplied by the percentage of disability," etc. Assuming that the drafter of the statute had some degree of proficiency in the use of the English language and had a conscious reason for this placement of the "subject to" phrase, it can mean only that the $81 limitation of KRS342.740 applies to the percentage-of-wage figure, and not to the fraction of that figure represented by percentage of disability. I am therefore convinced that the majority opinion does *Page 169 
not comport with the statute, for which reason I dissent.
REED, C. J., concurs in this dissenting opinion.